■ In the Matter of MITCHELL BEDELL, a Suspended Attorney.—Motion to disbar and cross motion to hold proceedings in abeyance are unanimously granted to the extent of referring this matter to the Departmental Disciplinary Committee for the First Judicial Department for a hearing at which, *inter alia,* the panel would better be able to evaluate the experts' opinions, as indicated in the order of this court; and respondent's suspension is continued until this matter is resolved, and until the further order of this court. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.

(April 5, 1990)

■ ADELA TELLER, Also Known as ADELE TELLER, Respondent, v FREDERICK BERGSTEIN et al., Defendants, and DAVID T. HERKUS, Appellant.—Order of the Supreme Court, New York County (Helen Freedman, J.), entered on April 24, 1989, which denied the motion of defendant-appellant David T. Herkus to dismiss the complaint for failure to prosecute (CPLR 3216), unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs.

In this medical malpractice action, defendant-appellant Dr. Herkus served a written demand upon plaintiff-respondent, pursuant to CPLR 3216 (b) (3), requiring respondent to serve a note of issue within 90 days. That written demand was served by certified mail and receipt by respondent was acknowledged on September 29, 1988.

No note of issue was filed by respondent within the 90-day period. In response to appellant's motion to dismiss for want of prosecution, respondent has shown neither justifiable excuse for the delay nor a good and meritorious cause of action. (CPLR 3216 [e].) Indeed, respondent made no written response to appellant's motion to dismiss. Under these circumstances, the motion to dismiss for want of prosecution should have been granted. *(See, MacLeod v Nolte,* 106 AD2d 860.) Concur— Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.